IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 08-cv-02295-LTB

BSB LEASING, INC.,

    Plaintiff,

v.

RESERVATION CENTER, INC., a corporation; and
CARY GOLDBERG, Individually,

    Defendants.
_____

**ORDER**
_____

This breach of contract case is before me on Defendants, Reservation Center, Inc., ("RCI") and Cary Goldberg's, Motion to Dismiss for Lack of Personal Jurisdiction or for Transfer of Venue [**Docket # 9**] and Plaintiff's Response [**Docket # 14**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I DENY Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or for Transfer of Venue [**Docket # 9**].

## I. BACKGROUND

This case concerns a lease agreement for office equipment. Plaintiff, the lessor, is a Colorado corporation. Defendant RCI, the lessee, is a California corporation. Defendant Goldberg—also a California resident—is the president of RCI, the signatory to the lease agreement, and the personal guarantor of the lease between Plaintiff and RCI.

The Complaint alleges Defendants have been in default on payments due under the lease

1

since June 2005. Plaintiff originally filed its case in Colorado state court. The case was removed to this Court on October 22, 2008 [**Docket # 1**]. Defendants now seek to have the case dismissed for lack of personal jurisdiction, or, in the alternative, to have the case transferred to the Central District of California, pursuant to 28 U.S.C. § 1404(a).

## II. ANALYSIS

### A. Personal Jurisdiction

Plaintiff bears the initial burden of establishing personal jurisdiction over Defendants. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). Where—as here—Defendants move to dismiss for lack of personal jurisdiction without an evidentiary hearing, Plaintiff can satisfy its burden by making a *prima facie* showing of jurisdiction. *See id*. Plaintiff may make this *prima facie* showing by demonstrating—via affidavit or other written materials—facts that, if true, would support jurisdiction. *Id*. I must resolve all disputed facts and draw all reasonable inferences in Plaintiff's favor. *Encore Prods., Inc. v. Promise Keepers*, 53 F. Supp. 2d 1101, 1114 (D. Colo. 1999). While the burden on Plaintiff is light, mere conclusory allegations are insufficient. *Id*.

"There are three ways in which a court may obtain personal jurisdiction over a defendant: consent by the parties, presence in the forum state, and actions by the defendant which affect people in the forum state." *Qwest Commc'ns Int'l, Inc. v. Thomas*, 52 F. Supp. 2d 1200, 1204 (D. Colo. 1999). Defendants assert they have no contacts within the state of Colorado and that no events relevant to the Complaint occurred in Colorado. As Defendants concede, however, the lease signed by Goldberg on behalf of RCI contains a "choice of law" clause naming Colorado law as controlling interpretations of the contract, as well as a forum selection clause consenting

2

to jurisdiction and venue in Colorado. When a defendant—by means of a valid forum selection clause—consents to personal jurisdiction in a certain forum, there is no need to inquire into the defendant's presence or actions within the forum state. *See Electronic Realty Assocs., L.P. v. Vaughan Real Estate, Inc.*, 897 F. Supp. 521, 523 (D. Kan. 1995). The only relevant inquiry is whether the forum selection clause is enforceable. *See id.*

When determining whether the forum selection clause in this case is enforceable, I must apply Colorado law pursuant to the "choice of law" clause. *See Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 428 (10th Cir. 2006). Under Colorado law, a forum selection clause is enforceable unless the clause is unfair or unreasonable. *See Adams Reload Co., Inc. v. Int'l Profit Assocs., Inc.*, 143 P.3d 1056, 1060 (Colo. Ct. App. 2005). The burden of proving a forum selection clause is unfair or unreasonable is on the party seeking to avoid its effect. *See id.*

Mere inconvenience or additional expense is not the test of unreasonableness. *See id.* Instead, the party seeking to escape the forum selection clause must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *See ABC Mobile Sys., Inc. v. Harvey*, 701 P.2d 137, 139 (Colo. Ct. App. 1985) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972)). Defendants do not make such a showing here. Accordingly—as Plaintiff presents evidence that, if believed to be true, shows Defendants consented to jurisdiction in this Court—Plaintiff meets its *prima facie* burden.

### B. Venue

Defendants argue this case should be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and

3

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In making a venue inquiry under Section 1404(a), therefore, I must initially ask whether the action "might have been brought" in the proposed transferee court. It is not disputed that this case could have been brought in the Central District of California.

Once it has been established that the action could have been brought in the proposed transferee court, the moving party bears the burden of demonstrating that the present forum is inconvenient. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). A court must undertake a fact-specific inquiry that considers: "the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical." *See id.* at 1516. Unless the balance weighs strongly in favor of the movant, however, the plaintiff's choice of forum should rarely be disturbed. *See Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978); *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972).

The existence of a forum selection clause does not change the *Chrysler* analysis. *See King v. PA Consulting Group, Inc.*, 78 F. App'x 645, 649 (10th Cir. 2003) (holding where a

forum selection clause is permissive as to venue, the district court should apply the *Chrysler* balancing test). Because both parties agreed to venue in this Court pursuant to the forum selection clause, however, Plaintiff's choice to bring the case in the agreed-upon venue is a significant factor weighing against transfer. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–30 (1988). Similarly—because the choice-of-law provision in the lease agreement requires Colorado law be applied to this dispute—issues involving the area of conflict of laws, and the advantage of having a local court determine questions of local law, weigh in Plaintiff's favor. *See QFA Royalties, LLC v. Case*, No. 05-cv-00685, 2006 WL 894882, at *4 (D. Colo. Mar. 31, 2006).

Defendants argue the relevant witnesses and documents are all located in California. Plaintiff, however, presents evidence showing the lease and the guarantee were negotiated by Plaintiff's personnel in Colorado. Accordingly, consideration of this factor weighs neutrally as to both parties. Likewise, while Defendants argue it would be inconvenient for them to litigate in Colorado, it would be similarly inconvenient for Plaintiff to litigate in California. "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

Finally, Defendants argue a judgment in this case would only be enforceable in California. Even if this unsupported claim were true, enforceability of a judgment is but one factor to consider and does not serve to tip the scales in Defendants' favor in light of the other factors being either neutral or weighing in favor of Plaintiff. *See Texas E. Transmission*, 579 F.2d at 567. Accordingly, having given due regard to the relevant factors in light of the convenience and fairness to the litigants, the Court concludes a change of venue would be

inappropriate.

## III.  CONCLUSION

In sum, I find and conclude Plaintiff has made out a *prima facie* case that this Court has jurisdiction over Defendants.  As Plaintiff's case is made without an evidentiary hearing, however, this ruling does not prevent Defendants from again challenging jurisdictional facts at trial—at which point Plaintiff must prove the facts supporting jurisdiction by a preponderance of the evidence.  *See Am. Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V.*, 710 F.2d 1449, 1455 (10th Cir. 1983).  I further find and conclude venue is proper in this Court.  Accordingly, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or for Transfer of Venue [**Docket # 9**] is DENIED.


Dated: December   27  , 2008.

BY THE COURT:

  s/Lewis T. Babcock  
Lewis T. Babcock, Judge