**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Action No. 08-cv-02295-LTB

BSB-UCP, INC.,
formerly known as BSB LEASING, INC.,

      Plaintiff,

v.

RESERVATION CENTER, INC., a corporation; and
CARY GOLDBERG, individually,

      Defendants.

_____

**ORDER**
_____

      This breach of contract case is before me on Plaintiff's Motion to Amend Complaint to Correct Plaintiff's Name Identification [**Docket # 36**], Defendant, Reservation Center, Inc.'s, ("RCI") Response [**Docket # 40**], and Plaintiff's Reply [**Docket # 42**]. Oral argument would not materially assist the determination of this motion.

      This case concerns a lease agreement for office equipment. Plaintiff, the lessor, is a Colorado corporation. Defendant RCI, the lessee, is a California corporation. Defendant Goldberg—also a California resident—is the president of RCI, the signatory to the lease agreement, and the personal guarantor of the lease between Plaintiff and RCI. The Complaint alleges Defendants have been in default on payments due under the lease since June 2005.

      Plaintiff originally filed its case in Colorado state court. The case was removed to this Court on October 22, 2008 [**Docket # 1**]. Plaintiff now seeks to amend the designation on the Complaint to reflect the accurate business name of the corporation bringing suit: BSB-UCP, Inc.,

1

formerly known as BSB Leasing.

FED. R. CIV. P. 15(a) provides that where—as here—a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." However, "leave shall be freely given when justice so requires." *Id.* The United States Supreme Court has warned that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff avers that the purpose of this requested amendment is to correctly reflect the name of the party holding the right to enforce the lease in question in this case. The motion was filed before the May 15, 2009, deadline for amending pleadings expired. *See* Scheduling Order ¶ 8.a [**Docket # 35**]. Moreover, no discovery has been undertaken by either Defendant. RCI's contention that the motion is untimely or the result of undue delay is therefore without merit. RCI's objection does not allege "bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party." *See Castleglen v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993).

Accordingly, Plaintiff's Motion to Amend Complaint to Correct Plaintiff's Name Identification [**Docket # 36**] is GRANTED. Plaintiff's Amended Verified Complaint [**Docket # 37**] is DEEMED FILED.

Dated: June   12  , 2009.

BY THE COURT:

   s/Lewis T. Babcock   
Lewis T. Babcock, Judge

2